UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME'S FURNITURE WAREHOUSE,<br><br>                                    Plaintiff,<br><br>v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., and DOES 1–50,<br><br>                                    Defendant. | Case No.: 20-cv-01765-GPC-BGS<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE APPLICATION TO AMEND THE SCHEDULING ORDER** |

On August 27, 2021, Plaintiff Jerome's Furniture Warehouse filed an ex parte Application to Amend the Scheduling Order.[1] (ECF No. 39.) Plaintiff seeks to extend the deadline to join other parties set in the Court's Scheduling Order, from August 27, 2021 to October 27, 2021, in order to allow Plaintiff to conduct discovery regarding whether there are any other parties that should be joined as Defendants. (*Id.* at 2.) Plaintiff indicated that it "has not yet been afforded access to discovery regarding all appropriate defendants involved in designing and publishing the false advertising identified in Plaintiff's operative

---

[1] The Court's Scheduling Order indicated that August 27, 2021 was the deadline for filing "[a]ny motion to join other parties, to amend the pleadings, or to file additional Pleadings." (ECF No. 37 at 1.)

pleading."[2] (*Id.*)  Plaintiff stated that it "is in the process of drafting and propounding its [deposition] notice, but will not be able to depose [Defendant Ashley Furniture Industries, Inc.] before the current deadline of August 27, 2021" and that it "anticipates it will have secured the needed evidence regarding any other appropriate Defendants" by October 27, 2021. (*Id.*)

Federal Rule of Civil Procedure 16 states that a schedule may be modified only for good cause and with the judge's consent.  In the absence of good cause, the court will not modify the scheduling order.  *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608–09 (9th Cir. 1992).  The inquiry under Rule 16(b)'s good cause standard primarily focuses on the diligence of the party seeking the amendment. *Id.* at 609.  If the party was not diligent, the inquiry should end.  *Id.*  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Id.* (quoting Advisory Committee Notes to Federal Rule of Civil Procedure 16 (1983 amendment) and collecting cases).  Judge Skomal's Chambers' Rules reminds counsel of "their duty of diligence and that they must 'take all steps necessary to bring an action to readiness for trial.'"  Judge Skomal's Chambers' Rule III(C) (citing Civ. Loc. R. 16.1(b)).

Further, Section III(C)(1) of Judge Skomal's Chambers' Rules specifically provides that "[a]ny unopposed requests for extensions should be made by filing a Joint Motion" which should "include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met, as well as the specific discovery that has been conducted, and what specific discovery remains outstanding."  Section III(C)(2) of Judge Skomal's Chambers' Rules

---

[2] To the extent the Plaintiff is attempting to raise a discovery dispute, the Court reminds the Plaintiff that the parties need to follow Judge Skomal's Chambers' Rules in raising a dispute.  *See* Judge Skomal Chambers' Rule V.  Failure to do so, without good cause, constitutes waiver of the discovery dispute.  *See id.*  The Court does not consider Plaintiff's ex parte motion (ECF No. 39) as satisfying the Chambers' Rules in regards to raising a dispute with the Court.

states that "[w]hen a party seeks a modification of the schedule and the opposing party will not agree to the extension, counsel must promptly and jointly contact Judge Skomal's chambers and speak with the research attorney assigned to the case" and "[i]f a party is unresponsive to a request jointly contact Judge Skomal's chambers, after 48 hours, counsel for the moving party is to contact chambers[.]"

However, Plaintiff failed to follow Judge Skomal's Chambers' Rules, as detailed above, in requesting to amend the schedule. Therefore, Plaintiff's ex parte Application to Amend the Scheduling Order (ECF No. 39) is **DENIED** without prejudice. Any future requests to amend this deadline needs to comply with the chambers' rules and include a description of what discovery Plaintiff needs to identify any other parties that should appropriately be joined as Defendants, as well as how soon Plaintiff can complete this discovery.

**IT IS SO ORDERED**.

Dated: September 2, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge