UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME'S FURNITURE WAREHOUSE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-01765-GPC-BGS<br><br>**ORDER GRANTING ENTRY OF STIPULATED PROTECTIVE ORDER AS MODIFIED**[1] |

The parties request entry of their stipulated protective order. (*See* ECF No. 56.) The Court enters the Protective Order as follows. The parties and the Court recognize that at least some of the documents and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties.

---

[1] The parties' proposed Protective Order has been modified at Paragraph 20 to fully comply with Judge Skomal's Chambers' Rule VI(A)(4) regarding what the parties shall do if an application to file a document under seal is granted. The parties' proposed Protective Order has also been modified at Paragraphs 21 and 39 with footnotes reflecting that the parties must follow the undersigned's Chambers Rules to raise a discovery dispute. To the extent the parties object to these modifications, they may seek modification of the Protective Order by jointly contacting Judge Skomal's Chambers within 10 days of the filing of this Order.

The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The documents and information to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs and is marked "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.

2. The term "Materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects. The term "Materials" also includes electronically stored information as defined in Rule 34(a) of the Federal Rules of Civil Procedure.

3. The term "Disclose" will mean show, divulge, reveal, produce, send, share, describe, transmit, or otherwise communicate, in whole or in part. The term "Disclosure" will mean the act of Disclosing.

4. The term "CONFIDENTIAL" will have the meaning specified in Paragraph 9.a.

5. The term "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will have the meaning specified in Paragraph 9.b.

6. The term "parties" will mean collectively the Plaintiff and any Defendant in the caption to this matter.

7. The term "non-party" will mean any entity not included in the caption to this matter.

8. The term "Protected Person" means any person, including a party or non-party, who produces any Materials in this matter.

## GENERAL RULES

9. A Protected Person that produces or Discloses any Materials, answers to interrogatories, responses to requests for admission, deposition testimony, and transcripts of trial testimony and depositions, or information that the Protected Person believes in good faith should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

a. Designation as "CONFIDENTIAL": A Protected Person may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b. Designation as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY": A Protected Person may designate information as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information reveals or reflects: (i) highly sensitive trade secrets, intellectual property, or proprietary technical information, including, without limitation, research information, confidential sales or marketing strategies, design and technical documents and internal product specifications; (ii) highly sensitive business, financial or marketing information, including, without limitation, licenses, forecasts, customer lists, pricing data,

cost data, customer orders, customer quotations and marketing plans, the disclosure of which would irreparably injure the Disclosing Party without limiting disclosure of such information to counsel only; or (iii) other proprietary information that is entitled to extraordinary protection or is of such nature and character that the unauthorized Disclosure of such information is likely to harm the competitive or economic position of the protected person or provide improper advantage to an opposing party.

10. Any Disclosure of information not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Paragraph 24 of this Order. However, if the Disclosure was proper when made, any such subsequent designation will not retroactively render that Disclosure a violation of this Order.

11. In the event the producing party elects to produce Materials for inspection, in lieu of marking the original of a document that contains Confidential Information, the producing party may designate, in writing, the documents being produced for inspection as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," thereby making them subject to this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

12. Whenever a deposition taken on behalf of any party involves a Disclosure of Confidential Information:

   a) the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing

                Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      b)    the Disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be Disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraphs 14–16 below; and

      c)    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

    13.    All Confidential Information must not be Disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court. The recipient of any Confidential Information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information that would be exercised by a reasonably prudent person in the receiving party's position with respect to its own propriety and confidential information.

    14.    Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be Disclosed to independent

experts or consultants (and their staff) who are retained by the attorneys for the parties either as technical consultants or non-testifying or testifying expert witnesses for purposes of this litigation. Before any Confidential Information is Disclosed to such person, he or she must first read this Order or must have otherwise been instructed on his or her obligations under the Order by the Court or counsel for a party, and shall have executed a copy of the form attached hereto as Exhibit A. Counsel for the party making the Disclosure must retain the original of such executed form for a period of at least one year following the final resolution of this action. Copies of declarations signed by experts or consultants shall not be provided to opposing counsel absent appropriate order by the Court.

15.  Information designated as "CONFIDENTIAL" must be viewed only by outside attorneys of record for any party and employees and independent contractors of such attorneys, in-house attorneys employed by any party, persons employed by any party, independent experts or consultants (pursuant to the terms of Paragraph 14), court personnel, and the additional individuals listed below, provided each such individual has read this Order in advance of Disclosure and has agreed in writing to be bound by its terms:

  a) Executives who are required to participate in policy decisions with reference to this action;
  b) Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;
  c) Stenographic and clerical employees associated with the individuals identified above; and
  d) Any other person agreed to by the parties or permitted by the Court.

16.  Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be viewed only by outside attorneys of record for any party and employees and independent contractors of such attorneys, in-house attorneys employed by any party, independent experts or consultants (pursuant to the terms of Paragraph 14), court personnel, and the additional individuals listed below, provided each such individual has read this Order in advance of Disclosure and has agreed in writing to be bound by its terms:

      a)    Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

      b)    Stenographic and clerical employees associated with the individuals identified above; and

      c)    Any other person agreed to by the parties or permitted by the Court.

17. With respect to Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the same.

18. Nothing contained in this Order shall be construed to limit any party's rights to use the other party's Confidential Information in deposing the other party or the other party's current employees or experts, or to Disclose Confidential Information to any witness at a deposition or at trial who either wrote (in whole or in part), received, or lawfully has or had rightful access to such information. In addition, a witness may be shown any Materials that contain or reveal Confidential Information if the witness (a) is a 30(b)(6) witness testifying on behalf of the producing person; (b) is a present officer, director or employee of the producing person; (c) was an officer or director of the producing person at the time the Materials were sent and/or created and who is not at the time of the deposition, hearing, or trial employed by a competitor of the producing person, as determined by the producing person; (d) was an employee of the producing person at the time the Materials were sent and/or created whose duties or position while employed by the producing person would have provided access to the type of Confidential Information at issue and who is not at the time of the deposition, hearing, or trial employed by a competitor of the producing person, as determined by the producing person; or (e) previously had actual lawful access to or prior knowledge of the Materials as demonstrated by the Materials or by foundational testimony. Nothing in this Order shall prevent counsel from examining a witness to determine whether he or she has prior knowledge of Confidential Information as described in subsection (e) of this paragraph, provided such

examination shall be in a manner that does not Disclose the details of the designated Materials and further provided that any Confidential Information so used shall not lose its confidential status as a result of such use but instead shall retain its confidentiality designation in accordance with this Order.

19. All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing or Disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party, except that independent experts or consultants authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

20. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such Material must seek permission of the Court to file the Material under seal. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.  If an application to file a document under seal is granted by Judge Skomal, a redacted version of the document shall be e-filed.  A courtesy copy of the unredacted document shall be delivered to Judge Skomal's chambers.

21. At any stage of these proceedings, any party may object to a designation of the Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may

move the Court for a ruling on the objection.[2] The Materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

22. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Confidential Information shall not be used for any business, commercial, competitive, personal, or other purpose. Counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent Disclosure of such information. If Confidential Information is Disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized Disclosure must immediately bring all pertinent facts relating to the unauthorized Disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further Disclosure by the party and by the person(s) receiving the unauthorized Disclosure.

23. If a party seeks discovery from a non-party to this suit, that party shall simultaneously provide the non-party a copy of this Order, and the non-party may invoke the terms of this Order with respect to any Confidential Information provided to the parties.

24. No party will be responsible to another party for Disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

25. If a producing party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the designating

---

[2] The Court reminds the parties that if they want to raise a discovery dispute with the Court, they need to comply with the undersigned's procedures, including its 30-Day Rule, for raising a discovery dispute. (*See* Judge Skomal's Chambers' Rule V.)

party so notifies the receiving party. Upon receipt of such notice, the receiving party shall reasonably cooperate to correct any Disclosure to maintain the confidentiality of the inadvertently Disclosed information without prejudice. If the receiving party has Disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such Disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

26. Nothing within this Order will prejudice the right of any producing party to object to the production of any Materials on the grounds that the Material is subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from Disclosure available by rule of evidence, statute, or common law. In addition, if Materials subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from Disclosure are included in Materials made available for inspection, such Disclosure shall not be considered a waiver of the privilege or protection from Disclosure. Upon learning of an inadvertent Disclosure, the receiving party shall treat such inadvertently Disclosed information in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, and the receiving party shall not review, copy, or disseminate such Materials. The receiving party shall within three (3) business days return all copies to the producing party that produced the Materials or certify that all such copies have been destroyed, and certify that all notes, excerpts, summaries, or any other Materials containing information from such Materials have been destroyed.

27. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be Disclosed.

28. This Order will be without prejudice to the right of any party or non-party to oppose production of any information for lack of relevance or any other legally recognized ground other than the mere presence of Confidential Information. The existence of this

Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

29.     Nothing within this Order will be construed to prevent Disclosure of Confidential Information if such Disclosure is required by law or by order of the Court.

30.     Upon final termination of this action, including any and all appeals, counsel for each party must return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

31.     Upon final termination of this action, including any and all appeals, the Court must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the Court, and must purge all such information from all machine-readable media on which it resides. Any action by the Court must be preceded by an ex parte motion for an order authorizing the return of all Confidential Information to the party that produced the information or the destruction thereof.

32.     The restrictions and obligations set forth within this Order will not apply to any information that: (a) the producing and receiving parties agree should not be designated Confidential Information; (b) the producing and receiving parties agree, or the Court rules, is already public knowledge or otherwise not subject to designation under this Order; (c) the producing and receiving parties agree, or the Court rules, has become public knowledge other than as a result of Disclosure by the receiving party, its employees, or its agents in

violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation or other evidence which reasonably establishes the fact of pre-production.

33. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

34. Nothing in this Order changes, amends, or circumvents any Court rule or local rule.

35. Transmission by email is acceptable for all notification purposes within this Order.

36. This Order may be modified by agreement of the parties, subject to approval by the Court.

37. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

38. Any person in possession of a producing party's Confidential Information shall give the producing party prompt written notice (within no more than five (5) business days) of the receipt of a subpoena or other legal process seeking Disclosure of the producing party's Confidential Information to any person not a party to this litigation. Any person seeking such Confidential Information who takes action to enforce such subpoena or other legal process shall be apprised of this Order. The person receiving a subpoena or other legal process shall not produce any Confidential Information until such person has (i) received written authorization from counsel of the producing party to produce such Confidential Information, or (ii) been ordered to produce the Confidential Information by a court of competent jurisdiction. Nothing herein shall require anyone covered by this Order to contest a subpoena or other legal process, to appeal any order requiring production of Confidential Information, or to subject itself to penalties for non-compliance with any

legal process or order, provided the party has notified the producing person that Protected Confidential has been subpoenaed or otherwise requested.

39. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery[3] and, except as expressly provided herein, shall not relieve any person of the obligation of producing documents, information, or things in the course of discovery.

**IT IS SO ORDERED**.

Dated: November 9, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[3] The Court reminds the parties that if they want to raise a discovery dispute with the Court, they need to comply with the undersigned's procedures, including its 30-Day Rule, for raising a discovery dispute. (*See* Judge Skomal's Chambers' Rule V.)

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the court, in the case of *Jerome's Furniture Warehouse v. Ashley Furniture Industries, Inc., et al.*, United States District Court for the Southern District of California Case No. 20-cv-1765-GPC-BGS. I hereby agree to comply with and to be bound by all the terms of the Protective Order entered herein and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the court in this action for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____, 202_

City and State where sworn and signed:    _____

Signed:_____    _____
        [Print Name]                [Signature].