**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEROME'S FURNITURE WAREHOUSE, a California Corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin Corporation, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:20-cv-01765-RBM-BGS<br><br>**ORDER ON DEFENDANTS' MOTIONS TO SEAL**<br><br>**[Docs. 125, 128, 130]** |

　　　　Currently pending before the Court are: (1) Defendants' Stoneledge Furniture, LLC, Ashley Furniture Industries, LLC, and Ashley Global Retail (collectively, "Defendants") motion to file under seal the Joint Statement of Disputed and Undisputed Material Facts Re Defendants' Motion for Summary Judgment (the "Joint Statement of Material Facts") (Doc. 125); (2) Defendants' motion to file under seal Defendants' reply brief in support of Defendants' motion for summary judgment (Doc. 128); and (3) Defendants' motion to file under seal Defendants' reply brief in support of Defendants' motion to exclude testimony of Ronald Goodstein and to strike his reports (Doc. 130).  Plaintiff Jerome's Furniture Warehouse ("Plaintiff") has not opposed any of Defendants' motions.

　　　　For the reasons discussed below, Defendants' motions to seal are **GRANTED**.

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* The "compelling reasons" standard applies to documents related to a motion for summary judgment. *Foltz*, 331 F.3d at 1135–36; *see also In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119–20 (9th Cir. 2012) (compelling reasons standard applied to *Daubert* motion filed in connection with pending summary judgment motion).

The "compelling reasons" standard is generally satisfied if the moving party can show that the "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The decision to seal documents is "one best left to the sound discretion of

the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Compelling reasons may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-cv-2885-LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting FED. R. CIV. P. 269(c)(1)(G)). Additionally, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the "parties have been able to point to concrete factual information" to justify sealing. *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) (collecting cases); *see also In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons to seal "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-CV-3059-BAS-AGS, 2020 WL 1062949, at *2 (S.D. Cal. Mar. 4, 2020) (applying compelling reasons standard to seal plaintiff's "confidential financial and pricing information").

## II.     DISCUSSION

Defendants seek to seal: (1) portions of the parties' Joint Statement of Material Facts filed in connection with Defendants' motion for summary judgment; (2) portions of Defendants' reply brief in support of Defendants' motion for summary judgment; and (3) portions of Defendants' motion to exclude testimony of Ronald Goodstein and to strike his reports. (Docs. 125, 128, 130.) Defendants argue that the information they seek to seal "relat[es] to Defendants' expenses, pricing methodologies, revenue, and profits—which, if disclosed, would irreparably prejudice Defendants' business operations." (Doc. 125 at 2; Doc. 128 at 2; Doc. 130 at 2.) Defendants further argue that sealing of this information is necessary "to prevent Plaintiff's business teams—and other competitors of Defendants—

3

from utilizing discovery in this litigation to obtain such competitively sensitive information." (Doc. 125 at 2; Doc. 128 at 2; Doc. 130 at 2.)

Defendants filed the declaration of Kurt Haines, president of Stoneledge Furniture, LLC, in support of Defendants' motions to seal. (*See* Docs. 94-1, 128-1, 130-1.) Haines maintains that the information subject to Defendants' motions to seal is not publicly shared, and that it is important to Defendants' business to maintain the confidentiality of this information. (Doc. 128-1 ¶ 3.) Haines also states that if Defendants' competitors gained access to this information, such competitors could use it to Defendants' competitive disadvantage. (*Id*. ¶ 4.) Finally, Haines states that Defendants safeguard the information by "utilizing confidentiality and non-disclosure provisions in agreements with employees and vendors, requiring company-wide annual training on the importance of maintaining confidentiality, and limiting the circulation of certain Sensitive Information to the Vice President level." (*Id*. ¶ 5.)

The Court finds compelling reasons to seal the documents subject to Defendants' motions. Having reviewed Defendants' proposed redactions to the Joint Statement of Material Facts, Defendants' reply brief, and Defendants' motion to exclude testimony of Ronald Goodstein, the Court finds that the redactions appear narrowly tailored to protect only that information directly related to Defendants' pricing models and approaches. Additionally, the Court finds that the information, if disclosed, could potentially hurt Defendants' competitive standing. *See Quidel Corp.*, 2020 WL 1062949, at *2 (S.D. Cal. Mar. 4, 2020) (applying compelling reasons standard to seal plaintiff's "confidential financial and pricing information"); *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-595-BAS-MDD, 2017 WL 1035730, at *3 (S.D. Cal. Mar. 17, 2017) (granting motion to seal documents containing defendant's "pricing and shipping information" where court found such information "could be improperly used" by competitors); *Lucas v. Breg, Inc.*, No. 15-CV-00258-BAS-NLS, 2016 WL 5464549, at *2 (S.D. Cal. Sept. 28, 2016) (applying compelling reasons standard to seal party's confidential "sales and marketing data" where "public disclosure of this business information could result in

improper use by Breg's competitors seeking to undercut Breg's market position").

### III. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' motions to seal. (Docs. 125, 128, 130.) The Court directs the Clerk of the Court to accept and **FILE UNDER SEAL** the lodged documents. (Docs. 126, 129, 131.)

**IT IS SO ORDERED.**

DATE: August 18, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE